# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA**   ) | |
| ) | |
| **v.**   ) | **2:13-cr-456-RDP-JHE** |
| ) | |
| **JAMES DAVID KIRCUS**   ) | |

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

Comes Now the United States of America by and through its counsel, Joyce White Vance, United States Attorney and E. Wilson Hunter, Special Assistant United States Attorney and respectfully requests that the Court provide the following instructions to the jury in addition to the Court's standard instructions in the trial of the above-styled and numbered case:

All of the Government's requested instructions are the 2010 Pattern Jury Instructions for criminal cases of the United States Court of Appeals for the Eleventh Circuit. All proposed instructions are listed herein below on separate pages with all authorities cited.

The United States respectfully requests leave to submit additional proposed instructions for the Court's consideration should circumstances develop during trial which would warrant the Court providing additional or more detailed instructions to the jury.

Respectfully submitted this the 26th day of February, 2014.

                JOYCE WHITE VANCE
                United States Attorney

                */s/ E. Wilson Hunter*
                E. WILSON HUNTER
                Special Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this 26th day of February, 2014, using the CM/ECF filing system that will send notification of said filing to all counsel of record.

                                              */s/ E. Wilson Hunter*
                                              E. WILSON HUNTER
                                              Special Assistant United States Attorney

## Requested Instruction of the United States No. 1

*United States v. Kircus* 2:13-cr-456-RDP-JHE

Eleventh Circuit Pattern Basic Instruction 3

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), p. 20 (2010).

*United States v. Daniels*, 986 F.2d451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), *cert. denied*, 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; *see also United States v. Morris*, 647 F.2d568 (5th Cir. 1981); *Victor v. Nebraska*, 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

**Requested Instruction of the United States No. 2**

*United States v. Kircus* 2:13-cr-456-RDP-JHE

Eleventh Circuit Pattern Offense Instruction 106.1

<u>Possession of Unregistered Firearm</u>
<u>26 U.S.C. 5861(d)</u>

It's a Federal crime for anyone to possess certain kinds of firearms that are not properly registered to him in the National Firearms Registration and Transfer Record.

A "firearm" includes a "destructive device," also known as a "pipe bomb."

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant possessed a firearm; and

(2) the firearm was not registered to the Defendant in

the National Firearms Registration and Transfer Record; and

(3) the Defendant knew of the specific characteristics or features

of the firearm that made it subject to registration under the National

Firearms Registration and Transfer Record.

The Government does not have to prove that the Defendant knew the item described in the indictment was a firearm that must be legally registered. The

Government only has to prove beyond a reasonable doubt that the Defendant knew about the specific characteristics or features of the firearm that made it subject to registration, namely, that it was a destructive device.

## *ANNOTATIONS AND COMMENTS*

26 U.S.C. § 5861(d) provides:
> It shall be unlawful for any person . . . to . . . possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record. . .
> [Note: For the definition of "firearm" within the context of this statute, see 26 U.S.C. § 5845].

Maximum Penalty: Ten (10) years imprisonment and $250,000 fine. See 26 U.S.C. § 5871 and 18 U.S.C. § 3571.

     In *Staples v. United States*, 511 U.S. 600, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994), the Court held that in the case of firearms such as fully automatic as distinguished from semiautomatic weapons, where the essential difference between registrable and nonregistrable characteristics is not open and obvious, the Government must prove knowledge on the part of the Defendant with respect to those essential characteristics of the firearm in question. Thus, in such a case, the instruction to the jury must be expanded to so state. Still where the essential characteristics of the firearm making it registrable are known, it is not necessary for the Government to prove that the Defendant also knew that registration was required. *United States v. Owens*, 103 F.3d 953 (11th Cir. 1997). This instruction has been amended to provide the optional Third element in a case like *Staples*, and meets the suggestion made in *United States v. Moore*, 253 F.3d 607, 610 n. 2 (11th Cir. 2001). *See also United States v. Hutchins,* 292 Fed. Appx. 842, 844 (11th Cir. 2008). 588.

**Requested Instruction of the United States No. 3**

*United States v. Kircus* 2:13-cr-456-RDP-JHE

Eleventh Circuit Pattern Basic Instruction 9.2

<u>On or About a Particular Date; Knowingly</u>

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

*ANNOTATIONS AND COMMENTS*

*United States v. Creamer*, 721 F.2d342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced." *See also United States v. Reed*, 887 F.2d1398 (11th Cir. 1989), *reh'g denied*, 891 F.2d907 (1989), cert. denied, 493 U.S. 1080, 110 S.Ct. 1136, 107 L. Ed. 2d 1041 (1990).

**Requested Instruction of the United States No. 4**

*United States v. Kircus* 2:13-cr-456-RDP-JHE

Eleventh Circuit Pattern Special Instruction 6

<u>Possession</u>

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

*ANNOTATIONS AND COMMENTS*

*See United States v. Hastamorir*, 881 F.2d1551 (11th Cir. 1989).

## Requested Instruction of the United States No. 5

*United States v. Kircus* 2:13-cr-456-RDP-JHE

Eleventh Circuit Pattern Special Instruction 4

<u>Similar Acts Evidence (Rule 404(b), Fed. R. Evid.)</u>

During the trial, you heard evidence of acts done by the Defendant on other occasions that may be similar to acts the Defendant is currently charged with. You must not consider any of this evidence to decide whether the Defendant committed the acts charged now. But you may consider this evidence for other very limited purposes.

If other evidence leads you to decide beyond a reasonable doubt that the Defendant committed the charged acts, you may consider evidence of similar acts done on other occasions to decide whether the Defendant had the state of mind or intent necessary for the crime charged, acted according to a plan or to prepare to commit a crime, or committed the charged acts by accident or mistake.

*ANNOTATIONS AND COMMENTS*

> Rule 404. [Fed. R. Evid.] Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes
> \* \* \* \* \*
> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in

>advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

*United States v. Beechum*, 582 F.2d898 (5th Cir. 1978) (*en banc) cert. denied*, 440 U.S. 920, 99 S. Ct. 1244, 59 L. Ed. 2d 472 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example. See note 15 at pages 911-912. *Beechum* also approves a limiting instruction similar to this one. See note 23 at pages 917-918.

      Both the Supreme Court and the Eleventh Circuit have expressly endorsed the *Beechum* test. *Huddleston v. United States*, 485 U.S. 681, 108 S. Ct. 1496, 99 L.Ed. 2d 771 (1988); *United States v. Miller*, 959 F.2d1535 (11th Cir. 1992) (en banc)*, cert. denied*, 506 U.S. 942, 113 S. Ct. 382, 121 L. Ed. 2d 292 (1992).

**Requested Instruction of the United States No. 6**

*United States v. Kircus* 2:13-cr-456-RDP-JHE

Eleventh Circuit Pattern Basic Instruction 7

<u>Expert Witness</u>

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion on the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

***ANNOTATIONS AND COMMENTS***

*United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S. Ct. 1214, 59 L. Ed. 2d 454 (1979).