Case 2:13-cr-00456-RDP-JHE   Document 74   Filed 08/20/15   Page 1 of 4

Case: 14-13956     Date Filed: 08/20/2015     Page: 1 of 1

FILED
2015 Aug-20  AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

FILED
2015 AUG 20  A 9:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

No. 14-13956

District Court Docket No.
2:13-cr-00456-RDP-JHE-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES DAVID KIRCUS,

Defendant - Appellant.

Appeal from the United States District Court for the
Northern District of Alabama

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: July 22, 2015
For the Court: Douglas J. Mincher, Clerk of Court
By: Djuanna Clark

ISSUED AS MANDATE 08/20/2015

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13956
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00456-RDP-JHE-1

UNITED STATES OF AMERICA,

                                            Plaintiff - Appellee,

versus

JAMES DAVID KIRCUS,

                                            Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(July 22, 2015)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

James Kircus appeals his conviction for knowing possession of a destructive device, in violation of 26 U.S.C. § 5861(d). Kircus contends the district court erred in denying his motion for a judgment of acquittal because the Government failed to prove Kircus's modified airbag cylinder was a "destructive device." We affirm.

A "destructive device" is statutorily defined as "any explosive, incendiary, or poison gas (A) bomb" but not including "any device which is neither designed nor redesigned for use as a weapon." 26 U.S.C. § 5845(f). This section requires proof that the device was both (1) "an explosive" and (2) "designed as a weapon." *United States v. Hammond*, 371 F.3d 776, 780 (11th Cir. 2004). In determining whether a device was designed as a weapon, "the critical inquiry is whether the device, as designed, has any value other than as a weapon." *Id.* at 781.

On appeal, Kircus does not argue the modified airbag cylinder was not an explosive. Rather, he contends the evidence does not support a finding that the device was designed or redesigned as a weapon. We disagree. The Government's experts testified the device as modified had no social, industrial, or commercial use and was, in their opinion, designed to be an improvised explosive bomb. The Government's experts also testified the device would fragment into pieces moving

2

at a high enough rate of speed to seriously injure anyone in the vicinity of the blast. This testimony, along with other record evidence, provides a sufficient basis for concluding the device was designed as a weapon. *See, e.g., United States v. Spoerke*, 568 F.3d 1236, 1247 (11th Cir. 2009) (explaining the Government's expert testimony "established that [defendant's] pipe bombs were designed as weapons" when the expert testified the pipe bombs "had no social or entertainment use, they propelled fragments, and the fragments were capable of causing severe injury to people in the vicinity"). Therefore, the district court did not err in denying Kircus's motion for a judgment of acquittal.

**AFFIRMED.**